IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| TRUSTEES OF THE HAWAII SHEET METAL WORKERS' TRUST FUNDS, ET AL., | ) CIVIL NO. 19-00404 HG-WRP )  ) FINDINGS AND ) RECOMMENDATION TO GRANT |
| Plaintiffs, | ) PLAINTIFFS' MOTION FOR ) DEFAULT JUDGMENT AGAINST |
| vs. | ) DEFENDANTS AKUA AIR ) CONDITIONING LLC, |
| AKUA AIR CONDITIONING LLC, CATHERINE A. BAITLON, AND CALBERT H. BAITLON, | ) CATHERINE A. BAITLON, AND ) CALBERT H. BAITLON ) ) |
| Defendants. | ) |

FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT
AGAINST DEFENDANTS AKUA AIR CONDITIONING LLC,
CATHERINE A. BAITLON, AND CALBERT H. BAITLON

Before the Court is Plaintiffs' Motion for Entry of Default Judgment against Defendants Akua Air Conditioning LLC, Catherine A. Baitlon, and Calbert H. Baitlon, filed on October 11, 2019 (Motion).  See ECF No. 13.  The Court found the Motion suitable for disposition without a hearing pursuant to Rule 7.1(c) of the Local Rules of Practice of the United States District Court for the District of Hawaii.  See ECF No. 14.  The Court FINDS AND RECOMMENDS that Plaintiffs' Motion be GRANTED.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

BACKGROUND

According to the Complaint, Defendant Akua Air Conditioning LLC (Akua) entered into an agreement to contribute and pay to Plaintiffs certain amounts for employee benefits for work performed by Defendant Akua's covered employees and to submit certain paperwork to Plaintiffs so that they could audit the amounts paid by Defendant Akua (Agreement).  See ECF No. 1 ¶¶ 7, 8.  The Agreement required contributions to be paid monthly.  See id. ¶ 9.  Plaintiffs claim that Defendant Akua failed to submit the required paperwork and failed to make the required contributions from October 2017 through June 2019.  See id. ¶¶ 13-14, 16-17.  Plaintiffs further allege that Defendant Akua may owe additional contributions, but those amounts are unknown because Defendant Akua has refused to submit the required reports.  See id. ¶ 18.  Plaintiffs request an order directing Defendant Akua to provide the required documentation to Plaintiffs and an award for unpaid contributions, interest, liquidated damages, and attorneys' fees and costs.  See id. at 11-13.

The Complaint also alleges that Defendants Catherine A. Baitlon and Calbert H. Baitlon (the Baitlon Defendants) executed a letter agreement, promissory notice, and guaranty for payment of all delinquencies owed to

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

Plaintiffs by Defendant Akua on November 19, 2018.  See id. ¶ 25.  Plaintiffs allege that the Baitlon Defendants have defaulted on their payment obligations under the terms of the letter agreement, promissory notice, and guaranty.  See id. ¶ 26.  Plaintiffs request that the Court find that the Baitlon Defendants are jointly and severally liable to Plaintiffs under the guaranty for the amount owed to Plaintiffs by Defendant Akua.  See id. ¶ 28.

The Clerk entered default against all Defendants pursuant to Rule 55(a) of the Federal Rules of Civil Procedure on September 10, 2019.  See ECF No. 11.  This Motion followed.

## DISCUSSION

Default judgment may be entered if the defendant has defaulted by failing to appear and the plaintiff's claim is for a "sum certain or for a sum which can by computation be made certain[.]"  Fed. R. Civ. P. 55(b)(1), (2).  The granting or denial of a motion for default judgment is within the discretion of the court.  Haw. Carpenters' Trust Funds v. Stone, 794 F.2d 508, 511-12 (9th Cir. 1986).  Default judgments are ordinarily disfavored, and cases should be decided on their merits if reasonably possible.  Eitel v. McCool, 782 F.2d 1470, 1472 (9th Cir. 1986).

### A.     Jurisdiction

Before considering the merits of default judgment, the Court has an affirmative obligation to determine whether it has subject matter jurisdiction over

this action and personal jurisdiction over Defendant. See In re Tuli, 172 F.3d 707, 712 (9th Cir. 1999) ("To avoid entering a default judgment that can later be successfully attacked as void, a court should determine whether it has the power, i.e., the jurisdiction, to enter the judgment in the first place."). Here, the Court has subject matter jurisdiction over Plaintiffs' federal claims under the Employee Retirement Income Security Act. See 29 U.S.C. §§ 1401(b)(1). The Court has personal jurisdiction over Defendants because Plaintiffs allege that Defendant Akua is a Hawaii corporation, that the Baitlon Defendants are Hawaii residents, and that all Defendants were properly served. See ECF Nos. 7-11.

### B.   Default Judgment Factors

Following a determination that jurisdiction is proper, the Court must consider whether default judgment is appropriate. The court should consider the following factors in deciding whether to grant a motion for default judgment:

(1) the possibility of prejudice to the plaintiff;
(2) the merits of plaintiff's substantive claim;
(3) the sufficiency of the complaint;
(4) the sum of money at stake in the action;
(5) the possibility of a dispute concerning material facts;
(6) whether the default was due to excusable neglect; and
(7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

See Eitel, 782 F.2d at 1471-72 (the Eitel factors).

On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v.

4

Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977)).  The allegations as to liability are deemed true, but the plaintiff must establish the relief to which it is entitled.  See Fair Hous. of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).  Also, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default."  Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)).

### 1.     The Possibility of Prejudice to Plaintiffs

The first factor considers whether Plaintiffs would suffer prejudice if default judgment is not entered.  See PepsiCo, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).  Here, absent entry of default judgment, Plaintiffs would be without any other recourse for recovery.  Accordingly, the first Eitel factor favors default judgment.

### 2.     Merits of Plaintiffs' Substantive Claims

For purposes of liability, the factual allegations in the complaint are taken as true on default.  See TeleVideo Sys., Inc., 826 F.2d at 917-18; Fair Hous. of Marin, 285 F.3d at 906.  Here, the allegations in Plaintiffs' Complaint, taken as true, establish that Plaintiffs are entitled to default judgment against Defendants.

First, Plaintiffs assert claims against Defendant Akua for unpaid contributions, interest, liquidated damages, and attorneys' fees owed to Plaintiffs under the terms of the Agreement.  See 29 U.S.C. §§ 1132(a), 1145; ECF No. 1

5

¶¶ 15-23.  Plaintiffs allege that the terms of the Agreement require Defendant Akua to pay to Plaintiffs certain contributions based on work performed by Defendant Akua's covered employees.  See ECF No. 1 ¶¶ 16. Plaintiffs allege that the terms of the Agreement also provide that if Defendant Akua fails to pay the required contributions, Defendant Akua is required to pay liquidated damages and attorneys' fees and costs.  See id. ¶¶ 20-23.

Second, Plaintiffs assert a claim for breach of guaranty against the Baitlon Defendants.  See id. ¶¶ 24-29.  Plaintiffs allege that the Baitlon Defendants executed a guaranty for payment of all delinquencies owed to Plaintiffs by Defendant Akua on November 19, 2018.  See id. ¶ 25.  Plaintiffs allege that the Baitlon Defendants have defaulted on their payment obligations under the terms of the guaranty.  See id. ¶ 26.  Plaintiffs allege that, under the terms of the guaranty, the Baitlon Defendants are jointly and severally liable to Plaintiffs for the amounts owed to Plaintiffs by Defendant Akua.  See id. ¶ 28.

After considering the allegations in the Complaint, this second factor weighs in favor of default judgment because the allegations, taken as true, are more than sufficient to establish Plaintiffs' claims.

### 3. Sufficiency of the Complaint

The allegations in the Complaint are sufficiently pled and supported by the documents filed with the Complaint and the Motion.  The Court finds that the sufficiency of the Complaint weighs in favor of default judgment.

### 4. Sum of Money at Stake

The Court "must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." PepsiCo, Inc., 238 F. Supp. 2d at 1177 (citing Eitel, 782 F.2d at 1472). Here, Plaintiffs seek $34,035.23 in unpaid contributions, $11,688.31 for liquidated damages plus per diem liquidated damages of $16.78 from October 7, 2019 until entry of judgment, and $28,233.20 in attorneys' fees and costs. See ECF No. 13-1 at 6-7; ECF No. 13-2 at 4. Plaintiffs' damages request is tailored to Defendants' specific wrongful conduct in failing to pay the required contributions and the payments under the guaranty. The Court finds that this factor too weighs in favor of default judgment.

### 5. Possibility of Dispute Concerning Material Facts

The well-pled factual allegations of the Complaint, except those relating to the amount of damages, will be taken as true. TeleVideo Sys., Inc., 826 F.2d at 917-18. Defendants have been given a fair opportunity to defend this action and have not done so. Because no dispute has been raised regarding Plaintiffs' material factual allegations, this factor favors default judgment.

### 6. Whether Default was Due to Excusable Neglect

The Court finds that Defendants' default was not the result of excusable neglect. Defendants' default was not the result of any excusable neglect, but rather due to their conscious and willful decision not to defend this action. Defendants failed to defend this action and default was entered against them. See

ECF No. 11.  This factor too favors default judgment.

### 7.     Policy Favoring Decisions on the Merits

Defendants' default renders a decision on the merits impractical, if not impossible.  Under Rule 55, "termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action."  PepsiCo., Inc., 238 F. Supp. 2d at 1177; see also Philip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 501 (C.D. Cal. 2003) ("the mere existence of Fed. R. Civ. P. 55(b) indicates that the seventh Eitel factor is not alone dispositive").  Here, Defendants have failed to defend this action and has consequently rendered adjudication on the merits before this Court impracticable.  This factor does not preclude the Court from entering default judgment against Defendants.

### 8.     Totality of Eitel Factors

Accordingly, the Court finds that the totality of the Eitel factors weighs in favor of entering default judgment against Defendants.

### C.    Remedies

Although Defendants' default establishes liability, it does not establish all relief to which Plaintiffs are entitled.  See Fair Hous. of Marin, 285 F.3d at 906.  Plaintiffs must provide evidence to support their requested relief and that relief "must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  Fed. R. Civ. P. 54(c).

Plaintiffs request the following monetary damages: $34,035.23 in

8

unpaid contributions, $11,688.31 for liquidated damages plus per diem liquidated damages of $16.78 from October 7, 2019 until entry of judgment, and $28,233.20 in attorneys' fees and costs.  See ECF No. 13-1 at 6-7; ECF No. 13-2 at 4.  Each category of requested relief is addressed below.

### 1. Delinquent Contributions

Plaintiffs contend that Defendant Akua owes delinquent contributions in the amount of $34,035.23 and that the Baitlon Defendants are jointly and several liable for this amount under the guaranty.  Plaintiffs submitted a declaration from their administrator and a summary ledger reflecting the balances due.  See ECF Nos. 13-3, 13-5.  The summary submitted by Plaintiffs reflect $34,035.23 in outstanding contributions.  See ECF No. 13-5.  The Court finds Plaintiffs have established damages in the amount of $34,035.23 for delinquent contributions.

### 2. Liquidated Damages

Plaintiffs next seek liquidated damages of $11,688.31 plus per diem liquidated damages of $16.78 from October 7, 2019 until entry of judgment.  The declaration and summary submitted by Plaintiffs reflects $11,688.31 owed in liquidated damages and the declaration states that the liquidated damages continue to accrue at a daily rate of $16.78.  See ECF No. 13-3 at 5-6.  The Court finds Plaintiffs have established damages in the amount of $11,688.31 for liquidated damages plus per diem liquidated damages of $16.78 from October 7, 2019 until entry of judgment.

### 3. Attorneys' Fees and Costs

An award of reasonable attorneys' fees and costs is mandatory in all successful actions to recover delinquent contributions under 29 U.S.C. § 1132(g) and § 1145. The Agreement requires Defendant Akua to pay "reasonable attorneys' fees and all other costs and expenses" related to collection of delinquent contributions. See ECF No. 13-4 at 6. Further, the guaranty executed by the Baitlon Defendants provides that they "agree to pay a reasonable attorneys' fees and all other costs and expenses which pay be incurred by the Trust Funds in the enforcement of this guaranty." See ECF No. 1-2 at 3. Reasonable attorney's fees are generally based on the traditional "lodestar" calculation, which multiplies (1) the number of hours reasonably expended by (2) a reasonable hourly rate. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).

Here, Plaintiffs request $27,353.89 for attorneys' fees and taxes and $879.81 in costs. See ECF No. 13-1 at 7; ECF No. 13-2 at 4. First, the Court has reviewed the timesheets submitted by Plaintiffs' counsel and finds that the hours requested, a significant portion of which were spent attempting to resolve this dispute through settlement, are reasonable. See ECF No. 13-6. Second, Ashley K. Ikeda, Esq., who was admitted to the Hawaii bar in 1981, and Jerry P.S. Chang, Esq., who was admitted to the Hawaii bar in 1996, each request $275 per hour. See ECF No. 13-2 at 2-3. Based on the Court's knowledge of the community's

prevailing rates, the nature of the underlying litigation, and counsel's submissions, the Court finds that the hourly rates requested are reasonable. Accordingly, the Court finds that the requested attorneys' fees of $26,122.50 are reasonable. Further, the Court finds that the requested general excise taxes on those fees of $1,230.89 are also reasonable. Plaintiffs also requests $879.81 in costs for copying, postage, messengers, server fees, and filing fees. See ECF No. 13-6 at 11-12. The Court finds that the costs requested by Plaintiffs are reasonable. In total, the Court recommends that the district court award $28,233.70 in attorneys' fees, costs, and taxes.

## CONCLUSION

The Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment against Defendant Akua Air Conditioning LLC, Catherine A. Baitlon, and Calbert H. Baitlon be GRANTED as follows:

(1) The district court GRANT Plaintiffs' request for default judgment against Defendants Akua Air Conditioning LLC, Catherine A. Baitlon, and Calbert H. Baitlon;

(2) The district court AWARD Plaintiffs damages in the amount of $34,035.23 in unpaid contributions, $11,688.31 for liquidated damages plus per diem liquidated damages of $16.78 from October 7, 2019 until entry of judgment, and $28,233.70 in attorneys' fees, taxes, and costs against Defendants Akua Air Conditioning LLC, Catherine A. Baitlon, and Calbert H. Baitlon, jointly and

severally.

      IT IS SO FOUND AND RECOMMENDED.

      DATED AT HONOLULU, HAWAII, DECEMBER 3, 2019.



Wes Reber Porter
United States Magistrate Judge

**TRUSTEES OF THE HAWAII SHEET METAL WORKERS' TRUST FUNDS, ET AL. v. AKUA AIR CONDITIONING, LLC, ET AL.; CIVIL NO. 19-00404 HG-WRP; FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST DEFENDANTS AKUA AIR CONDITIONING LLC, CATHERINE A. BAITLON, AND CALBERT H. BAITLON**